UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER FAETH,

                Petitioner,           **ORDER**
-vs-                                  No. 03-CV-0924VEB (Consent)

JAMES CONWAY, Superintendent,

                Respondent.
_____

## INTRODUCTION

The parties previously consented, pursuant to 28 U.S.C. § 636(c), to have a United States Magistrate Judge conduct all further proceedings in this matter, including entry of final judgment, and this matter was later reassigned to the undersigned. (Docket No. 27). Now pending before the Court is petitioner's motion to lift the stay that was initially entered on January 26, 2005 to enable petitioner to exhaust a claim under the United States Supreme Court's decision in *Crawford v. Washington*, 541 U.S. 36 (2004).[1] (Docket No. 28). Also pending before the Court is petitioner's motion for the appointment of counsel. (Docket No. 26).

## DISCUSSION

**A. Motion to Lift Stay**

As noted, on January 26, 2005, the Court granted petitioner's request to stay the instant petition for habeas corpus relief so that he could exhaust his state court

---

[1] In *Crawford*, the Supreme Court held that out-of-court "testimonial" statements of witnesses are barred by the Sixth Amendment's Confrontation Clause unless the witnesses are unavailable and defendant had prior opportunity to cross-examine them. 541 U.S. at 66-68.

remedies with respect to a claim under Crawford. In granting the stay, the Court imposed two conditions: (1) that petitioner must initiate efforts in state court within 30 days of entry of the Order to exhaust his state court remedies; and (2) that petitioner must within 30 days after the conclusion of the state court proceedings return to this Court and file an affidavit reporting that the state court exhaustion proceedings had been concluded. The Court also directed that, because the petition then pending before the Court did not include the *Crawford* claim petition sought to add to his petition, petitioner must also file an amended petition including all the claims raised in the initial petition and the "new" now exhausted Crawford claim. (Docket No. 19).

On February 24, 2005, petitioner filed a motion to amend the petition seeking to add the unexhausted Crawford claim asserting that he did not need a stay or to exhaust the Crawford claim because said claim was procedurally barred. (Docket No. 20). The Court denied the motion on the basis that it was clear from petitioner's motion and supporting papers (Docket No. 20-22) that he had not exhausted the Crawford claim in state court as he was directed to do in the Order granting the stay. (Docket No. 24). The Court further directed that the stay entered previously would remain in place until petitioner notified the Court that he had exhausted his state court remedies, requested that the stay be vacated, and filed an amended petition that included the claims raised in the initial petition and the *Crawford* claim. (*Id.*)

Petitioner now moves to lift the stay on the basis that within 30 days of the filing of the instant motion he had exhausted his Crawford claim in state court. (Docket No. 24). Along with the motion to lift the stay, petitioner filed an amended petition in which he raised the claims raised in the initial petition and the Crawford claim he asserts he

has now fully exhausted.  (Docket No. 29, Amended Petition, Ground Six, p. 6(f)(1)).

Accordingly, petitioner's motion to lift the stay (Docket No. 28) is **GRANTED**. The stay Order of January 26, 2005 (Docket No. 19) is hereby rescinded.  Respondent is directed to file and serve an answer and memorandum of law in response to the amended petition[2] within **30 days** of receipt of this Order and take whatever action is necessary to ensure that the official state court records of petitioner's state court proceedings related to the Crawford claim are provided to the Court as soon as possible.[3]

### B.  Motion for Appointment of Counsel

Petitioner has applied to the Court for appointment of counsel.  Pursuant to Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts, counsel may be appointed at any stage of the proceeding "if the interests of justice so require."

It is clear that prisoners have no constitutional right to counsel when bringing collateral attacks upon their convictions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Murray v. Giarratano*, 492 U.S. 1 (1989).  Habeas petitioners who qualify under the Criminal Justice Act, however, are entitled to counsel if an evidentiary hearing is required, Rules Governing Section 2254 Cases in the United States District Courts, Rule 8(c), as are indigent petitioners who seek to vacate or set aside a sentence of

---

[2]Respondent may, if he wishes, incorporate by reference in his answer and memorandum of law in response to the amended petition the answer and memorandum of law in response to the petition filed previously in this matter.

[3]At this time the Court takes no position regarding the exhaustion and timeliness of the either the new Crawford claim raised in the amended petition or any other claims raised previously in the initial petition.

death. 21 U.S.C. § 848(q)(1)(4)(B); *McFarland v. Scott*, 512 U.S. 849 (1994).

Appointment of counsel is within the judge's discretion, *see In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984). The Court has reviewed the facts presented herein in light of the factors required by law. Specifically, there is no showing at this time that an evidentiary hearing is required, nor is petitioner seeking to vacate or set aside a sentence of death.

In addition, petitioner has not provided the Court with any information which indicates that the interests of justice require the appointment of counsel at this time. Petitioner claims that he needs counsel because of the complexity of the *Crawford* claim now raised in this matter. However, it does not appear at this time that petitioner needs the assistance of counsel to present this claim or the other clams raised, which appear to be ones addressable and reviewable solely by means of the state court records.

Based on this review, petitioner's motion for appointment of counsel (Docket No. 26) is denied without prejudice. It is the petitioner's responsibility to retain an attorney or press forward with this proceeding *pro se*. 28 U.S.C. § 1654.

## CONCLUSION

Petitioner's motion to lift the stay (Docket No. 28) entered on January 26, 2005, is **GRANTED** and respondent shall file an answer and memorandum of law in response to the amended petition within **30 days** of receipt of this Order. Petitioner's motion for the appointment of counsel (Docket No. 26) is **DENIED** without prejudice. Respondent shall take whatever action is necessary to ensure that the official state court records of

petitioner's state court proceedings related to the *Crawford* claim are provided to the Court as soon as possible

    IT IS SO ORDERED.

                                                                        /s/ *Victor E. Bianchini*
                                            _____
                                                      VICTOR E. BIANCHINI
                                                United States Magistrate Judge

DATED:    September 13, 2007
                Buffalo, New York.