UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

CHRISTOPHER FAETH,

                    Petitioner,                  **ORDER**
     -vs-                                                    No. 03-CV-0924(VEB)

JAMES CONWAY, Superintendent,

                    Respondent.
_____

## INTRODUCTION

*Pro se* petitioner Christoper Faeth ("Faeth" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state court conviction. *See* Docket No. 1. Faeth was permitted to, and did file, an amended petition. *See* Docket No. 29. Presently pending is the Court's Order directing respondent's attorney to show cause as to why monetary sanctions should not be imposed for his various failures to comply with the Court's orders issued in connection with respondent's filing of a responsive pleading to Faeth's amended petition.

## BACKGROUND

On September 13, 2007, this Court issued an order (Docket No. 30) directing respondent to file an answer and memorandum of law in opposition to the amended petition within thirty (30) days, *i.e.*, by October 13, 2007. On October 11, 2007, respondent's attorney, Melvin Bressler, Esq., contacted the Court's Chambers by telephone stating that due to his trial schedule, he was unable to comply with the scheduling order. Attorney Bressler orally requested an extension of time to file his responsive pleadings. The Court informed Attorney Bressler that requests for extension of time must be in writing, and directed him to file a written request in the

form of a letter to the Court requesting an extension of time to answer.

On October 15, 2007, Faeth filed a motion for default judgment on the pleadings pursuant to Rules 12 and 56 of the Federal Rules of Civil Procedure on the basis that respondent failed to file his answer and memorandum of law to the amended petition within the thirty days as required by the Court's scheduling order. *See* Docket No. 31. Even though respondent technically was in default because he failed to file his responsive pleadings on time, relevant Second Circuit precedent precludes the Court from granting a habeas petitioner's motion for default judgment based on respondent's failure to file his answer on time. *See Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir.) (stating that in the context of habeas petitions, entry of default judgment is not warranted unless the petitioner establishes "a claim or right to relief by evidence satisfactory to the court"), *cert. denied*, 469 U.S. 874 (1984). Accordingly, the Court denied Faeth's first motion for default judgment.

Because respondent's attorney had failed to comply both with the Court's scheduling order and with its oral directive to file a simple written letter request for an extension of time, the Court also indicated in that Order that in the future, any failure to follow the Court's directives and the Federal Rules of Civil Procedure could result in the levy of sanctions. The Court granted respondent's attorney's subsequent written request for an extension of time until November 20, 2007, to file his answer. The Court stated that no further extensions of time would be granted to respondent absent a showing of good cause.

The November 20, 2007 deadline, however, passed without the attorney for respondent either filing his answer to the amended petition, or contacting the Court to request an extension of time. After respondent failed to submit his answer by the November 20, 2007 deadline, Faeth

filed a second motion for default judgment on November 28, 2007. *See* Docket No. 33.

The Court then issued another Order (Docket No. 34) noting that it was without authority to grant Faeth's second motion for default judgment based on respondent's failure to file an answer to the amended petition. *See Bermudez v. Reid*, 733 F.2d at 21-22. Accordingly, the Court was constrained to deny the motion for default judgment.

However, as a sanction for respondent's non-compliance with the Court's directives, the Court determined that respondent would be precluded from filing an answer in opposition to Faeth's amended petition. The Court indicated that if respondent disregarded that directive and nevertheless filed an answer in opposition to the amended petition, it would be stricken. In addition, the Court ordered respondent's attorney to show cause as to why he should not be subject to monetary sanctions for his failure to comply with the Court's Orders.

Respondent's attorney submitted an unsworn[1] pleading titled "Attorney's Declaration" in response to the Court's Order to Show Cause claiming that he attempted to file his answer to the amended petition but due to "technical difficulties" was prevented from doing so successfully.

## DISCUSSION

In his "Declaration", respondent's attorney states that "[o]n or about November 9, 2007 we [sic] completed the answer to the petition and attempted to file it electronically, and were unable to do so." Declaration of Melvin Bressler, Esq. ("Bressler Decl.") at 2, ¶9. Respondent's attorney states that "each time the submission 'bounced [sic].'" *Id.* Four or five days later, "[o]n November 13 and 14, 2007 we [sic] consulted with the Clerks [sic] in the Rochester office of the

---

[1] In federal court, attorney's declarations are to be made under penalty of perjury, pursuant to 28 U.S.C. § 1746. It may be that respondent's attorney is unfamiliar with federal rules of practice. However, the Court is incredulous that an attorney would submit an unsworn statement as evidence for consideration by a court of law.

Court." *Id.*, ¶10. According to respondent's attorney, "[t]hey advised us [sic] that if we [sic] brought the answer to them on a disc [sic] in a certain format, they would file it electronically." *Id.*

Respondent's attorney claims that "[o]n the afternoon of November 15, 2007 we [sic] delivered the answer in disc [sic] form to the Clerk's office in Rochester, and were told that the disc [sic] would be 'reviewed' to be sure what was on the disc [sic] was compatible with the requirements of the filing system." *Id.*, ¶11. Respondent's attorney states, "We [sic] heard nothing further, and assumed the answer had been filed." *Id.*, ¶12. The Court is troubled that respondent's attorney never followed up with the Clerk's Office to actually ascertain that the answer had been filed, which seems to this Court to evince a lack of concern about this matter.

Respondent's attorney states that he was twice advised by personnel in the Rochester Clerk's Office that "the 'normal' procedure on 'Buffalo cases' was to record the date of filing and to forward the material to the clerk's office in Buffalo, which is not what I understood in November, 2007, when I supplied that office with the disc containing the answer." *Id.*, ¶13. This Court's staff subsequently consulted with the Clerk's Office staff and participated in reviewing the log of all materials sent in the daily "blue bag" to Buffalo for the month of November in 2007. However, there was no record in the blue bag log of any compact disk submitted by respondent's attorney in this matter. In addition, and quite understandably due to the passage of time, the staff had no specific recollection of this incident.

Given the impossibility under these circumstances of determining what exactly happened, the Court will accept respondent's attorney's representations in the Attorney Declaration. The Court does wish to point out that respondent's attorney's actions have not been the model of

diligence. Furthermore, the staff of the Rochester Clerk's Office should not be required to bear the onus of respondent's attorney's malfunctioning computer system. Respondent's attorney is advised that he should make every effort to remedy these problems so that this situation will not present itself again.

After careful consideration, the Court has decided not to impose monetary sanctions in this matter since, although respondent's attorney has arguably been professionally negligent, he has not committed deliberate misconduct.

As to the filing of an amended answer, respondent's attorney indicates that the amended answer that "they" prepared "was all but identical to the original answer we [sic] had filed." *Id.*, ¶8. Later, the attorney indicates that the "original answer would also suffice to respond to the amended petition." *Id.*, ¶16. There is no need to reconsider the Court's previous ruling directing that respondent not be permitted to file an answer to the amended petition. The original answer (Docket No. 7) shall be the operative responsive pleading by respondent in this matter.

In addition, the Court notes that respondent's attorney has failed to file a set of transcripts of the state-court criminal proceedings at issue here, making it impossible for the Court to adjudicate the petition. Pursuant to Rule 5 of the Rules Governing Section 2254 Cases, the Court **hereby ORDERS that respondent's attorney provide a complete set of the transcripts from Faeth's trial, including transcripts of any pre-trial hearings and the sentencing hearing, and any post-conviction proceedings, within thirty (30) days of the date of this Order.**

Finally, in addition to serving this Order upon respondent's attorney, Melvin Bressler, Esq., the Clerk of Court also shall serve a copy of this Order, by certified mail, directly upon the Wayne County District Attorney's Office, which has undertaken the defense of this action on

behalf of respondent James Conway and has retained Mr. Bressler to represent it.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

DATED:   January 30, 2009
         Buffalo, New York**.**